**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH AND URSY A. VITALE : | |
| : | NO. 2:15-cv-01815-RAL |
| v. : | |
| : | JURY TRIAL DEMANDED |
| ELECTROLUX HOME PRODUCTS, INC. : | |

**DEFENDANT, ELECTROLUX HOME PRODUCTS, INC.'S REPLY IN SUPPORT OF ITS MOTION TO PRECLUDE TESTIMONY OF MICHAEL R. STODDARD, JR. AND WILLIAM J. VIGILANTE, JR., PH.D.**

Defendant, Electrolux Home Products, Inc. ("Electrolux"), by and through its counsel, Nicolson Law Group LLC, submits the within Reply in Support of its Motion to preclude the testimony of Plaintiffs' experts, Michael R. Stoddard, Jr. and William J. Vigilante, Jr., Ph.D. Electrolux respectfully requests oral argument.

**I.   Plaintiffs misrepresent the extent to which other courts have admitted Mr. Stoddard's expert testimony.**

In response to Electrolux's specific arguments in support of excluding Mr. Stoddard's expert testimony, Plaintiffs offer the blanket assertion that "multiple federal courts have admitted, as both reliable and relevant, nearly identical testimony on the defective condition of dryer products from other expert witnesses having the same or similar qualifications to Mr. Stoddard." Plaintiffs' Memorandum of Law at 6.  However, a close reading of the decisions on which Plaintiffs rely demonstrates that his opinions have not enjoyed the wide acceptance suggested by Plaintiffs.

Plaintiffs' characterization of *Donegal Mutual Ins. Co. a/s/o Vanessa Schantz v. Electrolux North America* ("*Schantz*") is disingenuous.  *See* Plaintiffs' Memorandum of Law at 10. Specifically, while that case involved the failure of a bearing in an Electrolux dryer, Mr. Stoddard

offered an opinion regarding the adequacy of the warnings at issue and that the design of the dryer defectively allowed lint to accumulate, which are identical to the opinions he offered in this case and are at issue in Electrolux's Motion.

In the December 22, 2010 Order, Judge Kane stated,

> As a cause and origin expert, Stoddard is qualified to give his opinion that the design of the bearing assembly allowed it to fall into a fire-causing condition; that the bearing assembly was the source of the fire; and that lint or the load served as fuel for the fire. However, Donegal has not shown Stoddard to be sufficiently qualified to give his opinion as to why the bearing assembly failed. Donegal has not pointed to sufficient academic training or on-the-job experience which would qualify Stoddard to provide an opinion as to whether the bearing assembly failed as a result of design defect or otherwise.
>
> Furthermore, the Court finds that Stoddard is not qualified to give his opinion as to the adequacy of the warnings at issue. There is nothing before the Court that would indicate that Stoddard has any specialized experience in human factor engineering that would allow him to give an opinion beyond that of the average layperson . . . . Furthermore, although Stoddard's opinion that lint may have served as a first fuel is reliable, any opinion offered by Stoddard that the dryer design was defective in terms of lint accumulation is not reliable . . .
>
> Likewise, in regard to Stoddard's opinion that the design of the dryer defectively allowed lint to accumulate, Stoddard points to no methodology beyond his own intuition.

*Donegal Mutual Ins. Co. a/s/o Vanessa Schantz v. Electrolux North America, Inc.*, No. 1:08-cv-2171, at 7-8 (M.D. Pa. Dec. 22, 2010), attached as Ex. C to Defendant's Motion to Exclude. In short, the Court restricted Stoddard's testimony to the proper fields of his expertise and experience – fire investigation and cause and origin assessment.

Following the Order issued on December 22, 2010, Plaintiff filed a Motion for Reconsideration. While Judge Kane granted Plaintiff's Motion for Reconsideration and held a *Daubert* hearing, ultimately, Judge Kane ruled that "Plaintiff has not demonstrated grounds for

altering or amending the Court's December 22, 2010 order." *Donegal Mutual Ins. Co. a/s/o Vanessa Schantz v. Electrolux North America, Inc.*, 2012 U.S. Dist. LEXIS 102573, at *17 (M.D. Pa. July 24, 2012).

Plaintiffs' reliance on *Rager v. GE,* No. 1:08-CV-1482, 2010 U.S. Dist. LEXIS 135402 (M.D. Pa. Dec. 22, 2010), is similarly misplaced. In that case, the Court admitted testimony from Mr. Stoddard's colleague, Ronald Parsons[1]. However, Plaintiffs introduced the testimony of another expert, Scott Jones, to support Mr. Parsons' expert opinions and to testify as to "whether defect(s) in the design and/or manufacture of the dryer were causal to the fire loss." *Id*. at 40. Mr. Jones' testimony regarding dryer design was admitted, but unlike Parsons and Stoddard, Mr. Jones "graduated with a Bachelor of Science in Mechanical and Nuclear Engineering . . . is a registered professional mechanical and electrical engineer, and is licensed in eight states, including Pennsylvania. He was previously employed by GE appliances," the Defendant-manufacturer. *Id*. Therefore, Plaintiffs' primary design defect theory testimony came from an expert engineer with both formal education in the engineering field and practical experience specifically on point with the dryer at issue.

---

[1] As explained in Electrolux's opening brief, Mr. Stoddard's report was co-authored by Ronald E. Parsons from the Wright Group. Plaintiffs characterize Mr. Parsons as Mr. Stoddard's "partner". Plaintiffs' Memorandum of Law at 6. There has been a recent development since the filing of Electrolux's Motion to Preclude the Testimony of Mr. Stoddard and Dr. Vigilante and Electrolux believes it is important to bring it to the Court's attention as it will likely impact the trial in this matter. On March 16, 2017, Plaintiff, Mary Lorena Sonnier, through her counsel, filed a Motion to find Ronald E. Parsons in Contempt and that Ronald E. Parsons has Committed Perjury in the case of *Mary Lorena Sonnier, et al. v. Magic Circle Corp., et al.*, which is pending in the United States District Court for the Western District of Louisiana, Docket No. 6:13-cv-00246. *See* Plaintiff's Memorandum of Law in Support of Motion, which is attached hereto as Exhibit "A". Plaintiff's Motion calls into question the credibility and competence of Mr. Parsons, who co-authored the report produced by Plaintiffs in this matter. Mr. Parsons and Mr. Stoddard jointly conducted the testing, which they assert supports their opinions in this matter. Accordingly, Electrolux will be filing a Motion requesting leave to depose Mr. Parsons and requesting a continuance of the trial date.

In *American Family Mutual Ins. Co. v. Electrolux Home Products, Inc.*, No. 11-cv-678, at 11-12 (W.D. Wis. June 26, 2014), (attached as Exhibit I to Plaintiffs' Memorandum of Law), the Court also limited the topics on which Mr. Stoddard was permitted to opine:

> I agree with Electrolux that Stoddard's report goes much farther than simply assessing Electrolux's product literature and opining whether the warning and instructions provided therein would adequately address the design problem he has identified. In particular, Stoddard has opined that Electrolux could have addressed the alleged warning inadequacies by incorporating into the dryer design[:] service reminder lights, restricted airflow notifications and a 'lockout feature to shut the dryer down if the warning light was ignored by the use with conditions of poor airflow, which could only be reset by a trained servicer . . . . On the subject of warnings, therefore, Stoddard will be allowed to testify only as to the adequacy of Electrolux's existing product literature and warnings in addressing the risk posed by the alleged design defect in its dryers. Stoddard may not testify about the feasibility of engineered warnings systems as a solution to the problem.

In *New Jersey Manufacturers Ins. Group a/s/o Kecia Ellis and Kathleen Brand v. Electrolux, Inc.*, No. 10-1597, 2013 U.S. Dist. LEXIS 118092, at 44-48 (D.N.J. Aug. 20, 2013), Electrolux first raised *Daubert* objections to Parsons's testimony at trial. The Court reluctantly allowed Parsons to testify as an expert due to untimely introduction of the issue:

> He can talk about how dryers work. But for him to be qualified to talk about the defect in design, that is the heart of the case . . . . Well, look . . . I'm forced to make a quick decision in this because it was not styled as a Daubert motion and I didn't view it as such . . . because if I had, I would have set aside a day – not today in the middle of trial – to review that . . . But I'm inclined to say, fine, you [Defendant] challenge his qualifications, you can do that. You're conceding with regard to his qualifications on origin of the fire. And the jury can decide whether the witness is sufficiently qualified . . . . And I'm not happy to see it at this juncture . . . . [I]n effect, this, as I see it, is a Daubert challenge arguing the gatekeeping responsibility of the judge would require an evaluation o[f] the adequacy – and the qualifications of the expert to render an opinion . . . in this design defect case. That would be the core of the case . . . I just think that Daubert motion should have been brought earlier . . . . I think it's problematic here, but at this point, my rather practical

> solution is to say: Look[,] as an origin and cause of fire expert, he's qualified.  With regard to design, product failing, I really think that's broad[,] and I really think you should try your best to just limit it to just the dryer.
>
> **But I would say that Mr. Parsons' qualifications, obviously as an engineer, are lacking.**
>
> **It may be that if this had been flagged for me earlier, I would have ruled that he could not testify with regard to this design defect.**  But I think at this juncture, I'm going to let him testify, but with a clear understanding to the jury that his qualifications are challenged, and it will be up to them to decide whether he's sufficiently learned and expert in the field to be able to opine credibly . . . .

Transcript, attached as Exhibit J to Plaintiffs' Memorandum of Law, at 44, 46-48 (emphasis added).

In *The Standard Fire Ins. Co a/s/o Newcomb. v. Electrolux Home Products, Inc.*, No. 08-cv-540-SLC, at 15:9-11 (W.D. Wis. Feb. 24, 2010), the Court assessed Plaintiff's liability expert, David Beauregard, in the context of a Rule 50(a)(1) Directed Verdict Motion and applied the correlative standard – whether "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [advocating] party on that issue." *See* Transcript, attached as Exhibit K to Plaintiffs' Memorandum of Law, at 15:9-11.  Furthermore, the Court explained, "I am convinced that if the jury were to accept all of [the proffered expert's] opinions, they would have a basis to find for the plaintiff here." *Id.* at 15:13-15.  Under Rule 50(a)(1)'s standard, the Court determined that, if the proffered expert testimony was accepted, the jury would have a sound evidentiary basis to make a reasoned factual determination. *Id.*  Therefore, the fact that admissibility of Mr. Beauregard's opinion was only analyzed in the context of a Directed Verdict Motion undercuts Plaintiffs' reliance on this case.

## II.     CONCLUSION

As a result of the foregoing and Electrolux's Memorandum of Law in Support of its *Daubert* Motion, which is filed of record with the Court, Electrolux requests that this Honorable Court grant its Motion to preclude the testimony of Plaintiffs' experts, Michael R. Stoddard, Jr. and William J. Vigilante, Jr., Ph.D.

>      Respectfully submitted,
>
>      NICOLSON LAW GROUP LLC
>
> BY:  /s/ Melissa L. Yemma
>      CHERYL M. NICOLSON, ESQUIRE
>      Attorney I.D. No. 57422
>      MELISSA L. YEMMA, ESQUIRE
>      Attorney I.D. No. 92194
>      Rose Tree Corporate Center II
>      1400 N. Providence Road, Suite 6035
>      Media, PA 19063
>      (610) 891-0300
>      nicolson@nicolsonlawgroup.com
>      yemma@nicolsonlawgroup.com
>
>      Attorneys for Defendant,
>      Electrolux Home Products, Inc.

DATE: April 10, 2017

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOSEPH AND URSY A. VITALE : | |
| : | NO. 2:15-cv-01815-RAL |
| v. : | |
| : | JURY TRIAL DEMANDED |
| ELECTROLUX HOME PRODUCTS, INC. : | |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing Defendant, Electrolux Home Products, Inc.'s Reply in Support of its Motion to preclude the testimony of Plaintiffs' experts, Michael R. Stoddard, Jr. and William J. Vigilante, Jr., Ph.D. was served electronically on the date stated below, upon the following:

Raymond E. Mack, Esquire
Patrick A. Hughes, Esquire
de Luca Levine, LLC
Three Valley Square
512 E. Township Line Road, Suite 220
Blue Bell, PA  19422


NICOLSON LAW GROUP LLC

BY:   /s/ Melissa L. Yemma
CHERYL M. NICOLSON, ESQUIRE
Attorney I.D. No. 57422
MELISSA L. YEMMA, ESQUIRE
Attorney I.D. No. 92194
Rose Tree Corporate Center II
1400 N. Providence Road, Suite 4045
Media, PA 19063
(610) 891-0300
nicolson@nicolsonlawgroup.com
yemma@nicolsonlawgroup.com

Attorneys for Defendant,
Electrolux Home Products, Inc.

DATE: April 10, 2017